UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT EARL WINSTON,**

        **Petitioner,**

vs.                                      **CASE NO. 8:12-cv-719-T-27MAP**
                                               Crim. CASE NO. 8:06-cr-67-T-27MAP

**UNITED STATES OF AMERICA,**

        **Respondent.**
_____/

**O R D E R**

**BEFORE THE COURT** are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ( Dkt. 1), and the Government's Response (Dkt. 20). Upon review, Petitioner's Motion to Vacate is DENIED.

**Procedural Background**

Petitioner was charged and convicted of aiding and abetting another who killed Haines City Police Officer Christopher Todd Horner with the intent to prevent the communication by Officer Horner of information about the commission or possible commission of a federal offense (robbery affecting interstate commerce, conspiracy to commit bank robbery, possession of firearms by convicted felons, and possession of cocaine and marijuana) to a law enforcement officer or judge of the United States, in violation of 18 U.S.C. §§ 1512(a)(1)(C), 1512(a)(3)(A), 1111, and 2 (Count One). He was also charged with aiding and abetting another who used and carried a firearm during and in relation to a federal crime of violence and, in the course thereof, caused the murder of Officer Horner, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924 (j)(1), 1111(a) and 2 (Count Two). Petitioner

was sentenced to life in prison followed by five years of supervised release on Count One, and a consecutive term of ten years in prison followed by five years of supervised release on Count Two. (CR Dkt. 162). On April 2, 2010, Petitioner's convictions were affirmed on appeal. (CR Dkt. 213); *United States v. Winston*, 372 Fed. Appx. 17 (11th Cir. 2010).

Petitioner's Section 2255 motion presents three grounds, directed to his conviction on Count One:

> **Ground One:** Insufficiency of the evidence to support the conviction on Count One of the indictment based on *Fowler v. United States*, __ U.S. __, 131 S. Ct. 2045 (2011);
>
> **Ground Two:** The indictment on Count One was defective based on *Fowler*; and
>
> **Ground Three:** The jury instruction on Count One improperly omitted a necessary element of the charged offense based on *Fowler*

## Discussion

Each of the substantive grounds Petitioner raises are premised on the holding in *Fowler v. United States, supra.* Charles Fowler, the petitioner in *Fowler v. United States*, *supra,* was Petitioner's accomplice in Officer Horner's murder.[1] He was charged in a separate indictment and convicted after a jury trial.

On appeal from his conviction, Fowler challenged the sufficiency of the evidence supporting his conviction under 18 U.S.C. § 1512(a)(1)(C), the same statute under which Petitioner was charged in Count One of his indictment. Fowler's conviction was affirmed, but on certiorari review in the United States Supreme Court, his conviction was reversed. The Supreme Court held that in a

---

[1] Fowler and Petitioner were tried separately.

2

prosecution under 18 U.S.C. § 1512(a)(1)(C), the government must show more than a *mere possibility* of communication with a federal law enforcement officer. Specifically, the Court held that the Government "must show a *reasonable likelihood* that, had, e.g., the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer." *Fowler*, 131 S.Ct. at 2052 (emphasis added).[2]

Because the holding in *Fowler* applies retroactively,[3] the parties were directed to file supplemental briefs addressing (1) the cognizability of the grounds raised in Petitioner's Section 2255 motion, (2) the application, if any, of the rules of procedural default, particularly actual innocence, and (3) the merits of each of the three grounds raised in Petitioner's motion based on *Fowler* (Dkt. 14).[4]

In its supplemental pleading, the Government characterizes Petitioner's three grounds as claims of ineffective assistance of trial counsel (Dkt. 20, p. 9) ("Here, Winston challenges his conviction as unconstitutional based on receiving ineffective assistance of counsel."). The Government argues that all three grounds are procedurally defaulted because Petitioner failed to raise them "in the District Court prior to judgment in his criminal case and on direct appeal." (Dkt. 20, p. 10). But the Government does not explain how Petitioner could have raised ineffective assistance of counsel on direct appeal. *See Milligan v. United States*, 213 Fed. Appx. 964, 966 (11th Cir. 2007) (This Court does not consider claims of ineffective assistance of counsel on direct appeal unless

---

[2] On remand, the district court in Fowler's case vacated Fowler's witness tampering conviction under 18 U.S.C. § 1512(a)(1)(C) and afforded the Government the opportunity to re-try Fowler on that charge. The Government elected not to. Fowler was re-sentenced on Count Two to life in prison. *See United States v. Fowler*, Case No. 8:07-cv-380, (CV Dkt. 165). Fowler's appeal of the re-sentencing remains pending in the Eleventh Circuit.

[3] *See* Dkts. 14, 22.

[4] It was previously determined that Petitioner's Section 2255 motion was timely (CV Dkt. 14).

those claims were first raised in the district court with an opportunity to develop a factual record relevant to the merits of the claim) (citing *United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th Cir. 1994)). Rather, the Government discusses the cause and prejudice standard under which a federal prisoner may avoid the consequences of procedural default, correctly pointing out that Petitioner's trial counsel could not have been ineffective in failing to anticipate the holding in *Fowler*, which was decided four years after Petitioner's conviction. *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (attorney's' failure to anticipate change in the law does not constitute ineffective assistance of counsel).

In addressing the merits of Petitioner's claims, the Government maintains that Petitioner is claiming ineffective assistance of counsel, again asserting that Petitioner's counsel could not have been ineffective in failing to anticipate the holding in *Fowler*. The Government also asserts that Petitioner has made no showing of actual innocence, that "*Fowler* made no requirement that an indictment charge that there 'was a reasonable likelihood that a relevant communication would have been made to a federal officer,'" and that the jury instructions tracked the witness tampering statute and conformed to "the state of the law in 2007 before the Supreme Court's decision in 2011" in *Fowler* (Dkt. 20, p. 14-15).

Even a liberal construction of Petitioner's *pro se* motion and supporting memorandum does not support the Government's understanding that he is raising three substantive claims of ineffective assistance of counsel. On the standard Section 2255 motion form (Dkt. 1, pp. 4-6), Petitioner does not recite his specific grounds for relief, stating only "See Memorandum of Law."[5] The form asks Petitioner if he raised each ground in the motion on direct appeal, to which Petitioner responded,

---

[5] Petitioner specifically delineates each of his grounds in his memorandum (CV Dkt. 2).

4

"no." The form asks Petitioner the reason he did not raise each ground on direct appeal, to which Petitioner responded, "ineffective assistance of counsel." (Dkt. 1, pp. 4, 6, 7). In his memorandum of law, Petitioner states that, "[t]he facts set forth in the attached 2255 motion form are incorporated by reference herewith as if set forth at length here-at." (Dkt. 2, p. 3).

The Government apparently relies on Petitioner's reference to "ineffective assistance of counsel" in construing Petitioner's substantive grounds for relief as three claims of ineffective assistance of counsel. However, Petitioner does not allege or even mention ineffective assistance of trial or appellate counsel in his memorandum filed in support of his Section 2255 motion. Each ground clearly and unequivocally raises a substantive basis for relief unrelated to the constitutional right to effective assistance of counsel. As noted, however, his reference to "ineffective assistance of counsel" was in response to the question of why he had not raised the claims on direct appeal. A fair construction of the motion, therefore, is that Petitioner is asserting ineffective assistance of counsel as cause for not raising the substantive grounds in his direct appeal.

Even construing Petitioner's motion liberally to raise claims of ineffective assistance of counsel, Petitioner cannot prevail. Petitioner's contentions are based exclusively on the holding in *Fowler*, which was decided more than three years *after* Petitioner was convicted. The evidence was certainly sufficient to support Petitioner's convictions under Count One from the perspective of the law as it existed at the time of his trial. And both the indictment and the jury instruction on Count One conformed to the law in effect at that time. Trial counsel would have had no basis to raise any of these claims at that time. And counsel could not have been ineffective in failing to anticipate the holding in *Fowler*. *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) ("In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate

a change in the law constitutes ineffective assistance of counsel."); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'") (citations omitted); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) ("[D]efendants are not entitled to an attorney capable of foreseeing the future development of constitutional law.").

### Procedural Default Bars Review

Apart from any construed claims of ineffective assistance of counsel, Petitioner cannot prevail on the merits of his three substantive claims premised on *Fowler*. He admits that he did not raise these claims on direct appeal. (CV Dkt. 1, pp. 4, 6, 7). These claims are therefore procedurally defaulted. *United States v. Coley*, 336 Fed. Appx. 933 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2093 (2010):

> Coley has not argued that his sentence violates any constitutional right, but only that it violates the sentencing guidelines after *Begay* and *Archer*. *See Hunter* [*v. United States*], 559 F.3d [1188,] 1189 [11th Cir. 2009] (observing that because a prisoner erroneously sentenced as an armed career criminal had failed to show the denial of a constitutional right, he could not attack his sentence in a § 2255 proceeding). Accordingly, if Coley's claim "could . . . have been raised on direct appeal," then it is not cognizable under § 2255. *See Lynn* [*v. United States*], 365 F.3d [1225,] 1233 [11th Cir. 2004]
> . . . .
>
> Because his status as a career offender is a non-constitutional issue that Coley could have raised on direct appeal, it is not cognizable on collateral review under § 2255.

*Coley's* reasoning is persuasive.[6] A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a

---

[6] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Section 2255 motion, absent a showing of either cause and prejudice or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Rivers v. United States*, 476 Fed. App'x 848, 849 (11th Cir. 2012). To show cause for not raising a claim on direct appeal, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. *Lynn v. United States*, 365 F.3d 1225, 1235, n.20 (11th Cir. 2004).

Ineffective assistance of counsel may constitute cause for a procedural default, if the petitioner can demonstrate under the two pronged test of *Strickland v. Washington*, 466 U.S. 668, 690 (1984) that the procedural default was caused by constitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002); *Edwards v. Carpenter*, 529 U.S. 446 (2000). Counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation. *Payne v. Allen*, 539 F.3d 1297, 1314 n.16 (11th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722 at 754 (1991)). To succeed on a claim of ineffective assistance of counsel, one must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 687.

First, construing Petitioner's motion as alleging ineffective assistance of appellate counsel[7] as cause for failing to raise the procedurally defaulted grounds on appeal, he has not demonstrated deficient performance on the part of appellate counsel. As discussed, *infra*, trial counsel had no basis

---

[7] Petitioner's form indicates that he did not raise his three grounds on direct appeal due to ineffective assistance of counsel. He does not indicate whether he attributes error to trial counsel or to appellate counsel. The Government in its supplemental response (CV Dkt. 20) discusses ineffective assistance of trial counsel, although the logical import of Petitioner's response on the standard Section 2255 motion form indicates error attributable to appellate counsel. The Government discusses only ineffective assistance of trial counsel but includes in that discussion application of the cause and prejudice and actual innocence exceptions to overcome procedural default applicable to a claim of ineffective assistance of appellate counsel.

on which to object to (1) the federal nexus requirement (i.e., the Government "must show a *reasonable likelihood* that, had, e.g., the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer"), (2) the indictment, or (3) the jury instructions. Since these issues were not preserved for appellate review, appellate counsel could not have been ineffective is failing to raise them. Absent deficient performance on the part of counsel, review of these claims is barred.

A claim that is procedurally defaulted because it was not raised on appeal may be reviewed in another circumstance. A claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for the procedural default. *Bousley*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Petitioner's *Fowler* claims do not, however, qualify as such. "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether *at the time of the default* the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986) (emphasis added).

In Ground One, Petitioner expressly challenges the sufficiency of the evidence supporting his conviction in Count I (Dkt. 2, p. 9) ("Just as in Mr. Fowler's case, there is insufficient evidence to sustain movant's conviction on Count 1, [d]ue to the 'reasonable likelihood' standard set forth by the Supreme Court"). The sufficiency of evidence supporting a criminal conviction and the scope of a federal criminal statute, which was the focus of the Supreme Court's opinion in *Fowler*, are certainly not novel issues in the field of federal criminal appellate law.

With respect to Fowler's challenge to his conviction, the Eleventh Circuit framed Fowler's contention as "the government failed to prove the federal nexus to the murder, which is an essential element of a violation of § 1512(a)(1)(C)." *United States v. Fowler*, 603 F.3d at 886. The

availability of such a challenge at the time of Petitioner's appeal is demonstrated by that court's citation to *United States v. Veal*, 153 F.3d 1233 (11th Cir. 1998), in which a similar argument directed at § 1512(b)(3) was rejected, and cases from other circuits discussing the federal nexus required for a violation of the statute.[8]

Accordingly, the availability of the legal basis on which Fowler challenged his §1512(a)(1)(C) conviction negates any showing of cause for Petitioner's procedural default as a result of ineffective assistance of appellate counsel. Similarly, Petitioner is unable to demonstrate cause through ineffective assistance of counsel for his failure to challenge the indictment and jury instructions based on the holding in *Fowler* (Dkt. 2. p. 10) ("Due to the Fowler decision, movant's indictment was clearly defective . . ."; "The jury instruction for Count 1 omitted a necessary element . . . that there was a reasonable likelihood that a relevant communication would have been made to a federal officer").

Notwithstanding Petitioner's inability to demonstrate cause for his procedural default, his claims could still be reviewed if he can demonstrate that the claimed error "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. at 623 (quoting *Murray v. Carrier*, 477 U.S. at 496). Actual innocence means factual innocence, however, as opposed to legal innocence. *Bousley*, 523 U.S. at 623-24.

A petitioner claiming actual innocence must support his claim "with new reliable evidence - - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

---

[8] The Court cited *United States v. Wright*, 536 F.3d 819, 824 (8th Cir. 2008), *United States v. Harris,* 498 F.3d 278, 286-87 (4th Cir. 2007), and *United States v. Galvan,* 949 F.2d 777, 783 (5th Cir. 1991). *United States v. Fowler* 603 F.3d at 887 -888.

critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). If a petitioner demonstrates "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," then the petitioner has made a "gateway" claim of innocence allowing review of the merits of his otherwise barred constitutional claims. *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008).

Petitioner does not argue that he is factually innocent or proffer new reliable evidence demonstrating that he is factually innocent of the crime charged in Count One. At most, he challenges whether the evidence was sufficient to prove, beyond a reasonable doubt, a reasonable likelihood that, had Officer Horner communicated with law enforcement officers, at least one of the relevant communications would have been made to a federal officer. *See United States v. Fowler*, 654 F.3d 1178, 1178-79 (11th Cir. 2011) (remanding to district court for determination of sufficiency of the evidence supporting Fowler's conviction under 18 U.S.C. § 1512(a)(1)(C)). That contention constitutes a claim of legal innocence, as opposed to factual innocence. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (actual innocence exception requires proof of actual innocence, not legal innocence). Because Petitioner cannot establish an actual innocence claim, he cannot avail himself of this "gateway" to obtain federal review of his procedurally defaulted claims. *Schlup*, 513 U.S. at 315.

In sum, Petitioner fails to allege or demonstrate cause to excuse his procedural default because he points to no external impediment that prevented him from raising his three grounds on direct appeal. *Lynn*, 365 F.3d at 1235 n.20.[9] Nothing prevented Petitioner from challenging the

---

[9] Finally, Dowling has not shown a fundamental miscarriage of justice that would permit us to consider the merits of his procedurally defaulted claim. *See Schlup v.*

(continued...)

10

sufficiency of the evidence to support his conviction on Count One on direct appeal (as Fowler did), or challenging the indictment or jury instruction applicable to Count One. Petitioner's failure to establish either cause and prejudice or actual innocence to excuse his procedural default of the three grounds he raises in his motion to vacate precludes federal review.

**Evidentiary hearing**

This case does not require an evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS**

IT IS FURTHER ORDERED that Petitioner is granted a certificate of appealability on the issue of whether he has shown cause for his procedural default. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district

---

[9](...continued)
    *Delo*, 513 U.S. 298, 314-15, 115 S.Ct. 851, 860-61, 130 L.Ed.2d 808 (1995). Dowling claims that he is actually innocent of the offense with which he has been convicted. However, Dowling offered no new evidence of actual innocence. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that the actual innocence exception is "exceedingly narrow in scope" and requires proof of actual innocence, not legal innocence).

*Dowling v. Secretary for Dept. of Corrections,* 275 Fed. Appx. 846, 848 (11th Cir. 2008)

court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has made the requisite showing.

**DONE AND ORDERED** this 27th day of November, 2013.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner, *pro se*
Counsel of record